08 CIV. 3766

JS 44C/SDNY
REV. 12/1/05

JUDGE COTE

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Kalman Konsistorum | Craig M. Schiff |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Eustace & Marquez<br>1311 Mamaroneck Avenue<br>White Plains, N.Y. 10601 (914) 989-6650 | Gratt & Associates, P.C.<br>485 Lorimer Street<br>Brooklyn, New York 11211 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 USC 1441 and 1446 — Personal Injury case removed based upon diversity

APR 21 2008

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*  **NATURE OF SUIT**

ACTIONS UNDER STATUTES

**TORTS**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | PROPERTY RIGHTS | [ ] 450 COMMERCE/ICC RATES/ETC |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [x] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | | [ ] 861 MIA (1395FF) | [ ] 810 SELECTIVE SERVICE |
| [ ] 190 OTHER CONTRACT | | | LABOR | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 196 FRANCHISE | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWW (405(g)) | [ ] 891 AGRICULTURE ACTS |
| | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 892 ECONOMIC STABILIZATION ACT |
| | | | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 893 ENVIRONMENTAL MATTERS |
| | | | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 894 ENERGY ALLOCATION ACT |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 871 IRS-THIRD PARTY 20 USC 7609 | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | [ ] 530 HABEAS CORPUS | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 535 DEATH PENALTY | | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 540 MANDAMUS & OTHER | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____     JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO      NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| [ ] 1 Original Proceeding | [XX] 2a. Removed from State Court<br>[ ] 2b. Removed from State Court<br>AND at least one party is a pro se litigant | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from (Specify District) | [ ] 6 Multidistrict Litigation | [ ] 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| [ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT | [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY) | [XX] 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [XX] [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [XX] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
**2180 Holland Avenue**
**Apt. 6B**
**Bronx, New York**
**Bronx County**

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
**1 Kensington Court**
**Old Greenwich, CT 06870**
**Fairfield County**

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [XX] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE **4/18/08**   SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. **07** Yr. **1999** )
Attorney Bar Code # **0373**

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED   APR 21 2008

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    Index No.:  300038/08

KALMAN KONSISTORUM,

                          Plaintiff          NOTICE OF REMOVAL OF
                                             CIVIL ACTION PURSUANT
        v.                                   TO 28 U.S.C. §1441

CRAIG M. SCHIFF,

                          Defendant          08 civ. 3766
- - - - - - - - - - - - - - - - - - - - - - - - - - -x    JUDGE COTE



TO:  CLERK OF THE ABOVE-ENTITLED COURT:

        NOTICE IS HEREBY GIVEN, that Craig M. Schiff, the Defendant

in the civil action in the SUPREME COURT OF THE STATE OF NEW

YORK, COUNTY OF BRONX, hereby files this Notice of Removal to

the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. Sections 1441 and 1446.  A true

copy of the State Court Notice of Removal of Civil Action

(without its attachments) is attached hereto as Exhibit "A" and

is incorporated herein by reference.  True and correct copies of

Plaintiff's Summons and Complaint are attached hereto as Exhibit

"B".

        This is a civil action seeking monetary damages in excess

of $75,000 of which this Court has original jurisdiction under

28 U.S.C. section 1332.

        The United States District Court of the Southern District

of New York has original jurisdiction of this matter based on

diversity of citizenship of the parties.  The basis of this jurisdiction is provided in Section 1332(a) of Title 28 of the United States Code.  This section states, in pertinent part, that the district courts should have original jurisdiction of all civil actions with a matter in controversy exceeds the sum of or value of $75,000 exclusive of interest and cost, and is between citizens of different States.

As seen from the pleadings in this matter, plaintiff is a citizen of the State of New York and defendant is a citizen of the State of Connecticut.  The Summons and Complaint further alleges that the matter in controversy is well in excess of $75,000.

Concurrently with the filing of this Notice of Removal, defendant is giving notice to all known parties of this removal and the fact that this case is to be docketed in this Court and that this Court will grant relief to defendant as is proper under the circumstances.

Pursuant to 28 U.S.C. Section 1446(a) all process, pleadings and orders that have been served upon defendant to date in this matter are annexed to this Notice of Removal as Exhibit "B".

Pursuant to 28 U.S.C. 1446(d) a true and complete copy of this Notice of Removal will be submitted for filing with the

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX.

DATED:     April 18, 2008
           White Plains, New York

                         Yours, etc.,
                         Eustace & Marquez
                         Attorneys for Defendant
                         **Craig M. Schiff**
                         Office and Post Office Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By: _____
                             Kenneth L. Gresham - 0373

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x     Index No.:   300038/08
KALMAN KONSISTORUM,

                Plaintiff          **NOTICE OF FILING OF**
                             **NOTICE OF REMOVAL**

      v.

CRAIG M. SCHIFF,

                Defendant
----------------------------------------x

TO:  **THE CLERK OF THE SUPREME COURT FOR THE STATE OF NEW YORK
     AND TO ALL PARTIES TO THE ACTION HEREIN:**

     PLEASE TAKE NOTICE THAT Defendant Craig M. Schiff, have

filed a Notice of Removal of this action in the United States

District Court for the Southern District of New York on April

18, 2008, pursuant to the provisions of 28 U.S.C. §§ 1441 and

1446.  A Copy of the said Notice of Removal is annexed hereto as

Exhibit "A".  This notice is filed pursuant to 28 U.S.C.

§1446(d).

DATED:   April 18, 2008
          White Plains, New York

                        Yours, etc.,
                        Eustace & Marquez
                        Attorneys for Defendant
                        **Craig M. Schiff**
                        Office and Post Office Address
                        1311 Mamaroneck Avenue
                        3rd Floor
                        White Plains, New York  10605
                        (914) 989-6650

                        By:  _____
                             Kenneth L. Gresham

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x          Index No.:  300038/08
KALMAN KONSISTORUM,

                    Plaintiff

                                                **AFFIDAVIT OF SERVICE**

          v.

CRAIG M. SCHIFF,

                    Defendant
-------------------------------------x


STATE OF NEW YORK        )
                         ss.
COUNTY OF WESTCHESTER    )

Linda McKeiver, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to
this action.

2. That on April *21*  , 2008, I served upon:

Gratt & Associates, P.C.
Attorneys for Plaintiff,
Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York  11211

a true copy of the annexed **NOTICE OF FILING OF NOTICE OF REMOVAL**
by depositing it endorsed in a postpaid properly addressed
wrapper, in a post office or, official depository under the
exclusive care and custody of the United States Postal Service

within the State of New York, at the address designated by him
or her upon the last paper served by him or her in the action.

DATED:    April  21 , 2008
          White Plains, New York

                                    _____
                                    Linda McKeiver

Sworn and subscribed
before me on April 21 , 2008

_____
Notary Public

ARLENE M. KELLY
Notary Public, State of New York
No. 01KE6049160
Qualified in Rockland County
Commission Expires  10/10/10

**EXHIBIT "B"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KALMAN KONSISTORUM,

                   Plaintiff,

    -against-

CRAIG M. SCHIFF,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.: **300038/08**
Filed On: **1/3/08**

**SUMMONS**

      TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of BRONX, at the office of said Court at 851 Grand Concourse, in the County of BRONX, City and State of New York, within the time provided by law as noted below and to file your answer to the Verified Complaint in this action and to serve a copy of your answer on the plaintiffs' counsel within twenty (20) days after the service of this summons if same is served upon you personally or within thirty (30) days if served other than personally. In case of failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of venue is the Plaintiff's residence in the County of BRONX, State of New York.

Dated:    Brooklyn, New York
           December 21, 2007

BRONX COUNTY
COUNTY CLERK
08 JAN -3 PM 4:43
RECEIVED

Yours, etc.

_____

Kevin D. Gratt
GRATT & ASSOCIATES, P.C.
Attorneys for Plaintiff
485 Lorimer Street
Brooklyn, New York 11211
(718) 963-3339

**DEFENDANT'S ADDRESSES**

CRAIG M. SCHIFF
1 Kensington Court
Old Greenwich, CT 06870

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
KALMAN KONSISTORUM,

                          Plaintiff,                Index No.:

     -against-                                      **VERIFIED COMPLAINT**

CRAIG M. SCHIFF,

                          Defendant.
------------------------------------------X


     Plaintiff by his attorneys, GRATT & ASSOCIATES, P.C., complaining of the defendant herein, respectfully shows to this Court and alleges as follows:

     1.   Plaintiff KALMAN KONSISTORUM is a resident of the County of BRONX, State of New York.

     2.   Defendant CRAIG M. SCHIFF is a resident of the County of FAIRFIELD, State of CONNECTICUT.

     3.   Upon information and belief, on or about December 3, 2007, defendant CRAIG M. SCHIFF owned, operated, maintained, and controlled a certain motor vehicle bearing Connecticut State license plate number MYSUV.

     4.   On or about December 3, 2007, Pelham Parkway South at or near its intersection with Barnes Avenue, County of BRONX, State of New York was and still is a public thoroughfare.

     5.   That at all times hereinafter mentioned, plaintiff KALMAN KONSISTORUM was lawfully present and lawfully and rightfully

crossing Pelham Parkway South at or near its intersection with Barnes Avenue.

6.    As plaintiff KALMAN KONSISTORUM was walking across Pelham Parkway South, suddenly without any notice or warning, the aforementioned motor vehicle of defendant CRAIG M. SCHIFF was caused to collide with plaintiff, causing plaintiff to be violently struck by said motor vehicle and causing plaintiff to fall to the ground.

7.    The said collision and resulting injuries were caused wholly and solely by the defendant herein in the ownership, operation, maintenance and control of his above-mentioned automobile without any negligence on the part of the plaintiff contributing thereto.

8.    Defendant was negligent, careless and reckless in the ownership, operation, maintenance and control of his above-mentioned automobile on the date, time and place aforementioned in that he failed to keep a proper lookout and watch; failed to keep his motor vehicle under proper and safe control; operated his motor vehicle at dangerous rates of speed; failed to observe proper laws and traffic signals; failed to be observant of the safety of the plaintiff; caused his above-mentioned motor vehicle to collide with the plaintiff without any negligence on the part of the plaintiff contributing thereto, and were further negligent in other respects.

9.   As a result of the negligence, carelessness and recklessness of said defendant, plaintiff was caused to sustain serious bodily injuries as defined in Section 5102 of the New York State Insurance Law.

10.   This action is specifically exempted from the provisions of CPLR 1601 pursuant to CPLR 1602 et seq.

11.   As a result of the collision above mentioned, plaintiff KALMAN KONSISTORUM was rendered sick, sore, lame and disabled; was caused to suffer great pain and mental anguish; sustained serious injuries in and about his head, body, arms and limbs; sustained a fractured pelvis; and will be for a long time to come confined to his bed and home; was caused to and did expend large sums of money for medical care and attention; in addition the plaintiff had sustained a severe shock to his nervous system which has detracted considerably from his general health and has sustained a resultant loss therefrom.

12.   That as a result of the foregoing, plaintiff KALMAN KONSISTORUM demands judgment against the defendants in a sum that exceeds the jurisdictional amount of all courts except the Supreme Court of the State of New York.

**WHEREFORE,** plaintiff KALMAN KONSISTORUM demands judgment against the defendant in a sum that exceeds the jurisdictional amount of all courts except the Supreme Court of the State of

New York; together with the costs and disbursements of this action.

Dated:    Brooklyn, New York
          December 21, 2007

                                    Yours, etc.

                                    _____
                                    Kevin D. Gratt
                                    GRATT & ASSOCIATES, P.C.
                                    Attorneys for Plaintiff
                                    485 Lorimer Street
                                    Brooklyn, New York 11211
                                    (718) 963-3339

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )

COUNTY OF KINGS    )

    I, Kevin D. Gratt, an attorney duly admitted to practice law before the Courts of the State of New York make this affirmation pursuant to the provisions of Rule 2106 of the Civil Practice Law and Rules under the penalties of perjury.

    I am an officer in the law firm of GRATT & ASSOCIATES, P.C., attorney of record for KALMAN KONSISTORUM, the plaintiff in the instant action.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be upon information and belief, and as to those matters I believe them to be true; that my grounds for belief as to matters not herein stated to be alleged upon my own knowledge are investigations and information received by myself in the course of my duties as an attorney for the plaintiff.

    This affirmation is submitted by the undersigned because the plaintiff does not reside within the County of Kings wherein I maintain my office.

DATED:    Brooklyn, New York
         December 21, 2007

                                           Kevin D. Gratt

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
KALMAN KONSISTORUM,

                              Plaintiff(s)

            - against -

CRAIG M. SCHIFF,

                              Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


                **SUMMONS AND VERIFIED COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                    **GRATT & ASSOCIATES, P.C.**
                    **Attorneys for Plaintiff**
                    **485 Lorimer Street**
                    **Brooklyn, New York 11211**
                       **(718) 963-3339**

To:

Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:


                                        Attorney(s) for

PLEASE TAKE NOTICE that the within is a (certified) true copy of
a
Entered in the office of the clerk of the within named court on
Dated:
                    GRATT & ASSOCIATES, P.C.
                    Attorneys for Plaintiff
                    485 Lorimer Street
                    Brooklyn, New York 11211

To:

Attorney(s) for

EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
KALMAN KONSISTORUM,                          Index No.:  300038/08

                  Plaintiff                  **VERIFIED ANSWER TO**
                                             **COMPLAINT**
                     v.

CRAIG M. SCHIFF,

                     Defendant
------------------------------------x

        Defendant, Craig M. Schiff, by his attorneys, EUSTACE

& MARQUEZ, answers the Complaint of the Plaintiff by

stating as follows:

        1.    Denies, upon information and belief, the allegations

of paragraphs 5, 6, 7, 8, 9, 11 and 12.

        2.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 1.

        3.    Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

3, 4 and 10 and respectfully refers all questions of law to this

Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

        4.    The injuries alleged to have been suffered by the

Plaintiff were caused, in whole or part, by the conduct of

Plaintiff. Plaintiff's claims therefore are barred or diminished

in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

5.    The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom this Defendant had no authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

6.    That this Court has not acquired personal jurisdiction over this answering Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

7.    The Emergency Doctrine applies to the facts and circumstances of this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

8.    The Plaintiff is precluded from maintaining this action by Insurance Law Article 51 in that Plaintiff has failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

9.   That recovery, if any, by the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

10.   That if it is determined that this answering Defendant is responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

11.   The injuries and damages alleged in the Complaint of the Plaintiff were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.


WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims

and/or counterclaims.


DATED: April 18, 2008
        White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CRAIG M. SCHIFF**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York   10605
                              (914) 989-6650

                              By:

                              _____
                              Kenneth L. Gresham

To:

Gratt & Associates, P.C.
Attorneys for Plaintiff, Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York   11211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------x     Index No.:  300038/08
KALMAN KONSISTORUM,

                     Plaintiff                 **VERIFICATION**

                         v.

CRAIG M. SCHIFF,

                     Defendant
----------------------------------------x

        Kenneth L. Gresham, an attorney duly admitted to

practice law before the Courts of New York State, hereby

affirms under the penalties of perjury pursuant to CPLR

2106:

        I am a member of the firm of EUSTACE & MARQUEZ,

attorneys for the Defendant, Craig M. Schiff.

        I submit the following statement upon information and

belief, based upon an inspection of the records maintained by

this office, which records I believe to be true.

        That I have read the contents of the attached

UNVERIFIED ANSWER TO COMPLAINT for Defendant Craig M.

Schiff and believe it to be true based on information

available or maintained by this firm. I make this

verification because this Defendant is either a foreign

corporation or is not located in Westchester County.


DATED: April 18, 2008
       White Plains, New York


                                    Kenneth L. Gresham

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x    Index No.:  300038/08
KALMAN KONSISTORUM,

                                         **NOTICE PURSUANT TO
                Plaintiff                CPLR 2103**

                v.

CRAIG M. SCHIFF,

                Defendant
------------------------------------x

     **PLEASE TAKE NOTICE** that Defendant **Craig M. Schiff**, by

attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice upon

you pursuant to Rule 2103 of the Civil Practice Law and

Rules that it **expressly rejects** service of papers in this

matter upon them by electronic means.

     **PLEASE TAKE FURTHER NOTICE** that waiver of the

foregoing may only be affected by express prior written

consent to such service by **EUSTACE & MARQUEZ** and by

placement thereby of **EUSTACE & MARQUEZ** electronic

communication number in the address block of papers filed

with the Court.

DATED: April 18, 2008
       White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **CRAIG M. SCHIFF**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York   10605
                              (914) 989-6650

                              By:

                              Kenneth L. Gresham

To:

Gratt & Associates, P.C.
Attorneys for Plaintiff, Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York   11211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
KALMAN KONSISTORUM,

               Plaintiff

                 v.

CRAIG M. SCHIFF,

               Defendant
------------------------------------x

Index No.:  300038/08

**COMBINED DISCOVERY
DEMANDS AND NOTICE OF
DEPOSITION**

     **PLEASE TAKE NOTICE**, that Defendant **Craig M. Schiff**, by attorneys, **EUSTACE & MARQUEZ**, demands that each adverse party afford us the disclosure which this notice and demand specifies:

**DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION**

     A.  Each adverse party is to appear for deposition upon oral examination pursuant to CPLR 3107:

(1) At this date and time: May 23, 2008 at 10:00 am

       (2) At this place:  Eustace & Marquez

                      1311 Mamaroneck Avenue

                      3rd Floor

                      White Plains, NY 10605

     Pursuant to CPLR 3106(d) we designate the following as the identity, description or title of the particular officer, director, member, or employee of the adverse party specified whose deposition we desire to take: ALL PARTIES

C.  Each deposition witness thus examined is to produce at such time and place, pursuant to CPLR 3111, all books, papers, and other things which are relevant to the issues in the action and within that adverse party's possession, custody, or control to be marked as exhibits, and used on the examination.

## PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR 3101(e) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of any statement made by or taken from any individual party or any officer, agent, or employee of said party.

## INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR 3101(f) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of each primary or excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

## ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR 3101(g) and CPLR 3120, within thirty (30) days from service

of this Demand, a complete and legible copy of every written report of the accident or other event alleged in the complaint prepared in the regular course of that adverse party's business operations or practices.

## PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days from the service of this Demand, complete and legible photographic or videotape reproductions of any and all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys of the scene of the accident or equipment or instrumentality involved in the action or photographs of persons or vehicles involved (if applicable) made either before, after or at the time of the events in question, including any photographs or videotapes made of the plaintiff at any time since the incident referred to in the Complaint.

## WITNESSES

Each adverse party is to serve within thirty (30) days from the service of this Demand, the name and address of each witness to any of the following:

1. The accident, occurrence or any other event set forth in the complaint.

2. Any fact tending to prove actual or constructive notice of any condition which may give rise to the

liability of any person, whether or not a party, for any damages alleged in this action.

3. Any admission, statement, writing or act of our client.

## EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A. The identity of each expert;

B. The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C. The substance of the facts and opinions on which each expert is expected to testify;

D. The qualifications of each expert; and

E. A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

## PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

<u>Medical Reports and Bills</u>: Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and

conditions as to which testimony will be offered at the
trial, referring to and identifying those diagnostic tests
and technicians' reports which will be offered at the
trial.

Medical Authorizations:  Duly executed and
acknowledged written medical authorizations, complying with
the Health Insurance Portability and Accountability Act
("HIPAA"), 45 C.F.R. §164.508(a), (using attached form)
permitting all parties to obtain and make copies of the
records and notes including any intake sheets, diagnostic
tests, X-Rays, MRI's and cat scan films, of all treating
and examining hospitals, physicians and other medical
professionals.

## PRODUCTION OF RECORDS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us
within thirty (30) days from the service of this demand
duly executed, fully addressed and acknowledged written
authorizations permitting all parties to obtain and make
copies of each of the following:

A.  All workers' compensation records and reports of
hearings pertaining to the incident alleged to have
occurred in plaintiff's complaint maintained by the
workers' compensation Board and workers' compensation
carrier.

B.  All records of present and past employment of plaintiff.

C.  All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.  All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.  All records of schools attended by plaintiff.

F.  All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

## NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and addresses of all attorneys having appeared in this action on behalf of any adverse party.

**PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS,** and that each demand requires that an adverse party who acquires more than thirty (30) days from the

service of this demand any document, information, or thing (including the opinion of any person whom the adverse party expects to call as an expert witness at trial) which is responsive to any of the above demands, is to give us prompt written advice to that effect; and, within thirty (30) days (but no less than sixty (60) days before trial), is to serve all such information on us and allow us to inspect, copy, test, and photograph each such document or thing.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial, and move to preclude as to any adverse party who does not timely identify any witness, serve any report, or produce any document, information, or thing which is responsive to a discovery demand set forth in any of the ensuing paragraphs:

A.   From calling any event or notice witness not identified to us or medical expert whose reports have not been served on us;

B.   From calling any other expert witness whose identity, qualifications, and expected fact and opinion testimony (together with a summary of the grounds for each such opinion) have not been served on us;

C.   From putting in evidence any exhibit not served on us or produced for us to discover, inspect, copy, and

photograph in accordance with any of the ensuing

paragraphs; and

    D.  From offering any other proof not timely disclosed

pursuant to a court order in this action.


DATED: April 18, 2008
       White Plains, New York



                  Yours, etc.,

                  **EUSTACE & MARQUEZ**
                  Attorneys for Defendant
                  **CRAIG M. SCHIFF**
                  Office and Post Office
                  Address
                  1311 Mamaroneck Avenue
                  3rd Floor
                  White Plains, New York  10605
                  (914) 989-6650

                  By:
                  Kenneth L. Gresham


To:

Gratt & Associates, P.C.
Attorneys for Plaintiff, Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York  11211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x     Index No.:  300038/08
KALMAN KONSISTORUM,

                    Plaintiff            **DEMAND FOR VERIFIED**
                                         **BILL OF PARTICULARS**

                    v.

CRAIG M. SCHIFF,

                    Defendant
------------------------------------x

      **PLEASE TAKE NOTICE**, Defendant, Craig M. Schiff, by

attorneys, Eustace & Marquez, demands pursuant to CPLR

3041-3044, that each Plaintiff furnish, within thirty (30)

days of the date of this demand a **Verified** Bill of the

following particulars:

    A.    <u>**Liability Issues:**</u>

    1.    The legal name, address, date of birth and social

security number of each plaintiff,

    2.    The date and approximate time of day of the

alleged accident.

    3.    The location of the alleged accident.

    4.        (a)  A statement of the acts or omissions

                constituting any negligence or other

                culpable conduct claimed against this

                defendant.

    (b)  If breach of warranty is alleged, state

whether said warranty was:

i.   expressed or implied;

ii.  oral or written;

iii. if written, set forth a copy thereof;

and

iv.  if oral, state by whom and to whom the

alleged warranty was made, specifying

the time, place and persons in

sufficient detail to permit

identification.

5.   If actual notice is claimed, a statement of when, by whom and to whom actual notice was given and whether such notice was in writing; also, if such notice was in writing, the statement is to include the name and address of anyone who has any copy of it.

6.   If constructive notice is claimed, a statement of how long any allegedly dangerous or defective condition existed before the occurrence and who has first-hand knowledge of any such facts.

7.   If any violation is claimed, a citation to each statute, ordinance, regulation, and other federal, state, or local rule which it is claimed that any defendant we represent has violated.

8.    If any prior similar occurrence is claimed, a statement of its date, approximate time of day and approximate location.

9.    If any subsequent repair or other remedial action is claimed, a statement of its date, approximate time of day, approximate location, who made such repair or took such other action and who has first-hand knowledge of either.

B.    **Damage Issues: Personal Injury:**

10.   A statement of the injuries claimed to have been sustained by plaintiff as a result of the accident and a description of any injuries claimed to be permanent.

11.   In any action under Ins. Law, §5104(a), for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, in what respect and to what extent any plaintiff has sustained:

  (a)  serious injury, as defined by Insurance Law, 5102(b);

  (b)  economic loss greater than basic economic loss, as defined by Insurance Law, 5102 (a).

12.   If plaintiff was treated at a hospital or hospitals, the name and address of each hospital and the exact dates of admission or treatment at each.

13.   The name and address of all medical professionals that treated or examined plaintiffs with regard to the injuries claimed, and the exact dates of treatment received from each.

14.   If loss of earnings is claimed, the name and address of plaintiff's employer, the nature of plaintiff's employment, and the exact dates that the plaintiff was incapacitated from employment.

15.   A statement of the exact dates that each plaintiff was:

     (a)   hospitalized;

     (b)   confined to bed;

     (c)   confined to house;

16.   Total amounts each plaintiff claims as special damages for:

     (a)   physicians' services;

     (b)   medical supplies

     (c)   loss of earnings to date, with the name(s) and address(es) of plaintiff's employer(s);

     (d)   loss of earnings in the future, stating how the figure was calculated;

     (e)   hospital expenses;

     (f)   nurses' services;

     (g)   any other special damages claimed.

17.   If any plaintiff claims loss of services, a statement of all such losses claimed, including the nature and extent of the lost services and all special damages claimed.

18.   The name, address and amounts received from each collateral source that has paid or reimbursed plaintiff for any of the expenses incurred as a result of this accident.

DATED: April 18, 2008
       White Plains, New York

Yours, Etc.,
**EUSTACE & MARQUEZ**
Attorneys for Defendant
**CRAIG M. SCHIFF**
Office and Post Office
Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

By: _____
    Kenneth L. Gresham

To:
Gratt & Associates, P.C.
Attorneys for Plaintiff, Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York 11211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x    Index No.:  300038/08
KALMAN KONSISTORUM,

               Plaintiff

                                  **AFFIDAVIT OF SERVICE**

          v.

CRAIG M. SCHIFF,

               Defendant
-------------------------------------x
STATE OF NEW YORK         )
                       ) ss.
COUNTY OF WESTCHESTER   )
Janet Salaycik-Formisano, being duly sworn, deposes and
says:
That I am over the age of eighteen years (18) and not a
party to this action.

That on April 18, 2008, I served upon:

Gratt & Associates, P.C.
Attorneys for Plaintiff, Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York  11211

A true copy of the annexed **VERIFIED ANSWER TO COMPLAINT,
NOTICE PURSUANT TO CPLR 2103, DEMAND FOR VERIFIED BILL OF
PARTICULARS AND VARIOUS DISCOVERY DEMANDS** by depositing it
endorsed in a postpaid properly addressed wrapper, in a
post office or, official depository under the exclusive
care and custody of the United States Postal Service within
the State of New York, at the address designated by him or

her upon the last paper served by him or her in the action.

DATED: April 18, 2008
       White Plains, New York

_____
Janet Salaycik-Formisano

Sworn and subscribed
Before me on April 18, 2008

ARLENE M. KELLY
Notary Public, State of New York
No. 01KE6049180
Qualified in Rockland County
Commission Expires _____

Notary Public

Index No.:  300038/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

_____

KALMAN KONSISTORUM,

                    Plaintiff

            against

CRAIG M. SCHIFF,

                    Defendant

_____

**VERIFIED ANSWER TO COMPLAINT, NOTICE PURSUANT TO CPLR 2103,
DEMAND FOR VERIFIED BILL OF PARTICULARS AND VARIOUS
DISCOVERY DEMANDS**

_____

**EUSTACE & MARQUEZ**
Attorneys for Defendant
**Craig M. Schiff**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x     Index No.:  300038/08
KALMAN KONSISTORUM,

                    Plaintiff

                                           **AFFIDAVIT OF SERVICE**

         v.

CRAIG M. SCHIFF,

                    Defendant
-------------------------------------x


STATE OF NEW YORK        )
                             ss.
COUNTY OF WESTCHESTER    )

Linda McKeiver, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to
this action.

2. That on April 21 , 2008, I served upon:

Gratt & Associates, P.C.
Attorneys for Plaintiff,
Kalman Konsistorum
485 Lorimer Street
Brooklyn, New York  11211

a true copy of the annexed **NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §1441** by depositing it endorsed in a
postpaid properly addressed wrapper, in a post office or,
official depository under the exclusive care and custody of the
United States Postal Service within the State of New York, at

the address designated by him or her upon the last paper served
by him or her in the action.

DATED:    April 21 , 2008
          White Plains, New York

_____
Linda McKeiver

Sworn and subscribed
before me on April 21 , 2008

ARLENE B. KELLY
Notary Public, State of New York
No. 01KE6049180
Qualified in Rockland County
Commission Expires 10/10/10

Index No.:  300038/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

KALMAN KONSISTORUM,

        Plaintiff

    -against-

CRAIG M. SCHIFF,

        Defendant

---

---

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441
OF REMOVAL**

---

**EUSTACE & MARQUEZ**
Attorneys for Defendant
**Craig M. Schiff**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650